FILED

MAY -4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 11-00763 SBA (DMR) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| YOHANNES RANDY HERALD, | ) | |
| Defendant. | ) | |

## I. BACKGROUND AND INTRODUCTION

Defendant Yohannes Randy Herald is charged in an indictment with a violation of 21 U.S.C. §§ 841(a)(1) and 860 (distribution of cocaine base within 1,000 feet of a school). On May 1, 2012, the United States moved for Mr. Herald's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Herald's detention. On May 4, 2012, the court conducted a detention hearing. For the reasons stated below, the court orders that Mr. Herald be detained.

DETENTION ORDER
CR 11-00763 SBA (DMR)                               1

cc: Copy to parties via ECF, Lisa, Pretrial Services, 2 Certified copies to U.S. Marshal

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi*, 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning

appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

   The indictment alleges that on or about August 31, 2011, Mr. Herald possessed and intended to distribute cocaine base within one thousand feet of Prescott Elementary School in Oakland, California. Given the nature of this charge, the government is entitled by statute to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3).

   Mr. Herald is 29 years old and has lived in or near Oakland, California his entire life. He graduated from high school in 2000. He has had limited employment over the last dozen years. In the period since 1999, he reported that he was an asbestos remover for some unspecified time in 2005, and that he worked for several months for a temporary agency in 2008.
He is not married, and has no children. He reported that he has used marijuana on a near daily basis for over fifteen years.

   Mr. Herald's criminal record dates back to a juvenile conviction in 2000 for possession of a controlled substance. Since that time, he sustained four drug-related felony convictions (April 2002, October 2002, March 2006 and March 2007). Three of the four convictions appear to have involved criminal activity while Mr. Herald was on probation or parole. In addition, in May 2003, Mr. Herald sustained a probation revocation in lieu of filing a drug-related charge. Similarly, in October 2011, Mr. Herald was charged as a felon in possession of a firearm, carrying a concealed weapon, tampering with firearm identification marks, and receiving stolen property, but those charges were deferred for revocation of parole. He also forfeited bail in 2001 for a failure to appear; his record reflect two additional failures to appear in 2002 and 2005.

   In light of Mr. Herald's significant criminal history, which includes multiple felony drug convictions, a weapons charge that was deferred for parole revocation, and the fact that nearly all of his felonious conduct occurred while Mr. Herald was on community supervision, the court finds clear and convincing evidence that Mr. Herald presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the

DETENTION ORDER
CR 11-00763 SBA (DMR)       3

safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

      Mr. Herald shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

      IT IS SO ORDERED.

DATED: May 4, 2012

DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 11-00763 SBA (DMR)                4